SANZONE-PALMISANO CO. *v.* PERE MARQUETTE RY. CO.

(Decided March 20, 1933.)

*Mr. Joseph Rohrer* and *Mr. Wm. Meier,* for plaintiff in error.

*Messrs. Waite, Schindel & Bayless,* for defendant in error.

Ross, J. This is a proceeding in error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered in favor of the defendant, the Pere Marquette Railway Company, upon the sustaining of a motion to quash service of summons.

In the agreed statement of facts it appears that the defendant in error has no tracks in Hamilton county, Ohio, the nearest trackage being in Lucas or Wood counties, Ohio.

The petition alleges that a carload of strawberries

was shipped on March 21, 1929, from Starke, Florida, on the Sea Board Air Line, to Gentile Brothers, at Cincinnati, Ohio, later directed by them to be delivered to plaintiff in error, the Sanzone-Palmisano Company, who ordered the car diverted to George L. Collins, at Detroit, Michigan, and that delivery was not made until March 27, 1929; that by reason of inadequate icing and delay the strawberries deteriorated in value and arrived after the market price had fallen, all to the damage of the plaintiff in error.

The court of common pleas sustained a motion to quash the service of summons, which had been made upon the managing agent of the defendant company at Cincinnati, Ohio.

Section 11273, General Code, provides: "An action against the owner or lessee of a line of mail stages or other coaches, a railroad company, interurban railroad company, suburban railroad company or street railroad company owning or operating a railroad, interurban railroad or street railroad within the state, or against a transportation company owning or operating an electric traction road located upon either bank of a canal belonging to the state, may be brought in any county through or into which such line, railroad, interurban railroad, street railroad or electric traction railroad, passes or extends; provided that all actions against such owner, lessee or company for injuries to person or property, or for wrongful death must be brought in the county in which the cause of action or some part thereof, arose, or in the county in which the claimant for injuries to person or property or one whose wrongful death was caused, resides at the time when the cause of action arose, if the road or line of such owner, lessee or company or any part thereof be located in such county. If no part of such line or road be located in such county, then such actions may be brought in the county in which any part of such road or line is located, nearest the place

where the claimant for injuries to person or property or the one whose wrongful death was caused, so resided.''

Plainly this section was intended by the Legislature to fix the places where suits could be brought against the corporations named therein, including railroad companies, and its language definitely so provides. Other sections of the Code applying generally to foreign corporations are limited by the specific provisions of the section quoted.

The words of the statute clearly state that no suit can be filed in a county wherein no part of the line of the railroad is located.

The summons was properly quashed, and the judgment is affirmed.

*Judgment affirmed.*

HAMILTON, P. J., and CUSHING, J., concur.